

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT WARNER THOMAS,<br><br>　　　　Defendant. | Case No.: SACR 20-00185-CJC<br><br>ORDER OF DETENTION |

## I. INTRODUCTION & BACKGROUND

In this case, Defendant Scott Warner Thompson is charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). (Dkt. 1 [Indictment].) The firearm and ammunition were found after Defendant's fiancée, Kayla Troxell, called police to report that Defendant punched her in the face and pointed a firearm at her. Defendant was arrested on January 21, 2021, upon his release from state custody, and made his initial appearance on that date before Magistrate Judge Karen E.

Scott.  (Dkt. 12.)  The government moved for detention, and Pretrial Services also recommended detention.  Magistrate Judge Scott denied the government's request for detention and ordered Defendant to be released to live with Ms. Troxell on a $20,000 surety bond signed by his father, who lives in Henderson, Nevada.  (Dkt. 12.)  Magistrate Judge Scott, however, stayed her release order pending review by this Court.

Now before the Court is the government's application for review of Magistrate Judge Scott's order denying the government's request for detention.  (Dkt. 25 [hereinafter "App."].)  For the following reasons, the government's application is **GRANTED** and Defendant is **ORDERED** detained pending trial.

**II. DISCUSSION**

The Bail Reform Act permits pretrial detention of a defendant without bail when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  The government has the burden to prove by a preponderance of the evidence that the defendant poses a serious risk of flight, or to prove by clear and convincing evidence that the defendant poses a danger to the community.  *See* 18 U.S.C. § 3142(e), (f); *see United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  When determining whether to release or detain a defendant, courts consider (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).   Here, the Court finds by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of Ms. Troxell or others in the community.

First, the nature and circumstances of the offense charged are serious. Defendant is charged in this case with being a felon in possession of a firearm and ammunition. 18 U.S.C. § 3142(g)(i). Not only was Defendant prohibited from possessing a firearm and ammunition as a felon, but he was also prohibited from doing so as a condition of his post-release community supervision ("PRCS"). Especially concerning, the firearm and ammunition were discovered after Defendant's fiancée called the police to report that Defendant punched her in the face and pointed a firearm at her. (App. Ex. B at 8–9.) Responding officers observed that Ms. Troxell had a "[p]ossible broken nose with blood leading from nostrils down to mouth," and also "a black left eye" Ms. Troxell told officers was left over from when Defendant punched her a few days prior. (*Id.* at 7, 9.) The police report from the incident also states that Ms. Troxell was under the influence of alcohol, and that Defendant was suspected to be under the influence of methamphetamine and steroids. (*Id.*) It further notes Ms. Troxell told officers that Defendant had physically abused her between 7 and 10 times in the past month.[1] (*Id.* at 9.)

Second, though this is the least important factor, *Motamedi*, 767 F.2d at 1408, the weight of the evidence against Defendant is heavy and will be difficult for him to refute. 18 U.S.C. § 3142(g)(ii). Ms. Troxell told police that Defendant pointed the firearm that he is alleged to have possessed in her face, and a firearm was found in Defendant's garage with supposedly his DNA on it. (App. at 7.) In her letter to the Court presented with Defendant's opposition, Ms. Troxell does not state that Defendant did not point the firearm at her. (*See* Opp. Ex. F.)

---

[1] In his opposition, Defendant submits a letter from Ms. Troxell stating that it is not true that Defendant abused her 7 to 10 times in the month before the influence, and that Ms. Troxell was under the influence of methamphetamine at the time of the incident such that the incident was "mutually aggressive." (Opp. at 9, Ex. F.) This evidence does not alter the very serious nature and circumstances of the offense charged.

      Third, Defendant's history and characteristics are extremely concerning. 18 U.S.C. § 3142(g)(iv). Since 2005, Defendant has been convicted of at least 23 felonies and misdemeanors, including several drug crimes, fights in public places, possessing burglary tools, receiving stolen property, and being a felon in possession of a firearm. (App. Ex. A.) Not only does he have a significant criminal history, but he also has a significant history of reoffending even while under supervision. Indeed, he has violated the terms of his PRCS three times since July alone. In July 2020, Defendant violated his PRCS by possessing a firearm—the alleged offense in this case. (Dkt. 25-2 [Declaration of Defendant's Probation Officer, Brett Amrhein, hereinafter "Amrhein Decl."] ¶ 4.) On September 30, 2020, Defendant violated it again when multiple syringes and 3 bottles of unprescribed testosterone were found under the bottom drawer of his nightstand. (*Id.*) And on November 22, 2020, Defendant violated it again when police officers discovered ammunition on his person during a traffic stop. (*Id.*) In light of Defendant's extensive criminal history and numerous violations of PRCS, the Court has no reason to believe that Defendant would comply with any condition or combination of conditions of release.[2]

      Finally, releasing Defendant would pose a serious danger to Ms. Troxell and others in the community. 18 U.S.C. § 3142(g)(iv). Defendant pointed a firearm at Ms. Troxell's head. He punched her, and has a history of punching her. Ms. Troxell was so afraid of Defendant that she requested an Emergency Protective Order and told officers she might be moving out of the area over the next few days just to get away from him.

---

[2] In his opposition, Defendant states that his criminal record reflects only his past drug addiction, and not his current life, as Defendant attended and graduated from drug treatment in late 2019. (Opp. at 10.) But it is far from clear that anything has changed since Defendant's drug treatment in late 2019. Indeed, it appears that Defendant may have been under the influence of methamphetamine and steroids when he supposedly threatened Ms. Troxell with a firearm in July 2020. (App. at 6, Ex. B. at 7.) And even after Defendant graduated from drug treatment, he violated the terms of his PRCS three times. (Amrhein Decl. ¶ 4.)

(App. Ex. B. at 9.)  This is consistent with Defendant's history with Ms. Troxell.  (*See* App. Ex. A.)  Defendant's probation officer describes Defendant and Ms. Troxell as having "ongoing relationship issues, including a history of domestic violence and ongoing verbal and physical abuse."  (Amrhein Decl. ¶ 6.)  The relationship is so tumultuous that the probation officer has instructed Defendant at least 3 times in the last 6 months not to reside with Ms. Troxell.  (*Id.*)  Living with Ms. Troxell—as Defendant stated he planned to do at the January 21, 2021 hearing—would therefore be a violation of Defendant's PRCS.  (App. at 6.)  Notably, Defendant also has a 2017 misdemeanor conviction for domestic violence and a 2017 misdemeanor conviction for elder cruelty, assault, and battery.  (App. Ex. A.)  The police report from the domestic violence incident with Ms. Troxell notes that Defendant is also restrained from a prior girlfriend due to domestic violence.  (App. Ex. B at 8.)  The report also states that Ms. Troxell told police that Defendant "is a documented PEN1 gang member and has seen him in possession of handguns during their relationship."  (*Id.* at 9.)  Defendant's domestic violence, his criminal history, his drug use, his gang affiliation, and his multiple recent violations of PRCS, all show that there is no condition or combination of conditions that will reasonably assure the safety of Ms. Troxell and others in the community.[3]

---

[3] Defendant asserts that the Bail Reform Act does not authorize pretrial detention without bail based solely on a finding of dangerousness when a person is not charged with a crime of violence, citing *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003).  Contrary to Defendant's assertion, the Bail Reform Act does allow pretrial detention based on danger *so long as* there is a proper basis for holding a detention hearing in the first instance.  *See Twine*, 344 F.3d 987, 987–88; *Motamedi*, 767 F.2d at 1406; *United States v. Walker*, 808 F.2d 1309, 1311 (9th Cir. 1986) (holding that "pretrial detention based on dangerousness pursuant to 18 U.S.C. § 3142(e) does not violate a defendant's fifth amendment right to substantive due process").  Here, there were two independent statutory grounds for holding a detention hearing.  First, Defendant is charged with being a felon in possession of a firearm, and § 3142(f)(1)(E) authorizes a detention hearing if the offense charged involved the possession of a firearm.  Second, § 3142(f)(2)(A) authorizes a detention hearing if there is a serious risk that a defendant will flee, and the government here has presented reliable evidence that Defendant was a flight risk given his drug addiction and numerous violations of his PRCS.  Indeed, Magistrate Judge Scott herself acknowledged that Defendant was a flight risk, but found that there were conditions that could be imposed to mitigate that risk.

## III.  CONCLUSION

For the foregoing reasons, the government's application for review of the magistrate judge's detention order is **GRANTED** and Defendant is **ORDERED** detained pending trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for private consultation with counsel.

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States marshal for the purpose of an appearance in connection with all court proceedings in this case.

DATED: February 1, 2021

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

cc:  Magistrate Judge Karen E. Scott
     USP&PSO